# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MARCHESANO,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>MARK GARMIN, *et al.*,<br><br>　　　　　　　Respondents. | CIVIL ACTION NO. 19-3318 |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**August 30, 2022**

　　　　Petitioner Joseph Marchesano, a state prisoner convicted of attempted murder, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 asserting claims for ineffective assistance of counsel.[1] Magistrate Judge Lynne A. Sitarski has issued a Report and Recommendation ("R&R") recommending that the petition be denied without issuance of a certificate of appealability, to which Petitioner has filed objections. For the reasons explained below, Petitioner's objections will be overruled, the R&R will be approved and adopted, and the Petition will be dismissed.

**I.　BACKGROUND**

　　　　The Court adopts the background and procedural history set forth in the R&R, which, except as noted in footnote 11, has not been challenged in Petitioner's objections. As summarized by the trial court and quoted in the R&R, the testimony at trial showed that around 3:00 a.m. on January 23, 2005, Petitioner, who was with a woman named Lauren, invited Chris

---

[1] Pet. Writ Habeas Corpus [Doc. No. 1] at ECF pages ECF pages 7, 9.

Massimino, the victim, to Petitioner's house in Philadelphia to get high.[2] Massimino testified that when he, Petitioner, and Lauren arrived at the house, they were met by Alex Giangrante, Massimino's cousin, along with two other men.[3] Petitioner, Massimino, and Giangrante went into the basement of the house.[4] Massimino sat down on a sofa and Petitioner started to hand him power tools.[5] Massimino testified that Petitioner was behind him on his left side and that Giangrante was standing in front of him.[6] At that point, Massimino suddenly felt deaf and believed that he had been electrocuted—he only later realized that he had been shot in the head.[7] Massimino struggled up the stairs to get away and saw Giangrante and Lauren hiding in the kitchen.[8] Massimino then fought his way past the two other men, both of whom were blocking the door, and escaped the house.[9]

Soon after these events, Petitioner was arrested and charged with attempted murder, possession of the instrument of a crime with intent, and firearm possession charges.[10] Petitioner's trial date was continued multiple times.[11] The case was scheduled for trial on April 9, 2007, at

---

[2] R&R [Doc. No. 38] at 1–2.

[3] R&R [Doc. No. 38] at 2.

[4] R&R [Doc. No. 38] at 2.

[5] R&R [Doc. No. 38] at 2.

[6] R&R [Doc. No. 38] at 2.

[7] R&R [Doc. No. 38] at 2–3.

[8] R&R [Doc. No. 38] at 2. Petitioner argues that this testimony shows that Massimino is a liar because Massimino said in his initial statement to the police that Giangrante grabbed Massimino's ankles as he tried to escape the basement, while at trial Massimino testified that Giangrante was hiding in the kitchen with Lauren after the shooting and that Petitioner grabbed Massimino's ankles. Pet.'s Objections [Doc. No. 43] at 3; Trial Tr. June 5, 2008, at 53. Petitioner's attorney cross-examined Massimino regarding this discrepancy. Massimino Testimony, Trial Tr. June 5, 2008, at 85–88. The credibility of the witnesses was of course for the jury to determine.

[9] R&R [Doc. No. 38] at 2.

[10] *Commonwealth v. Marchesano*, No. CP-51-CR-0307911-2005 (C.P. Phila.).

[11] R&R [Doc. No. 38] at 3. Petitioner objects to the sentence in the R&R that "[a]fter several continuances, the case was called for trial on April 9, 2007." Pet.'s Objections [Doc. No. 43] at 1–2. Petitioner argues that "the reasons

which time Massimino, who was intermittently homeless, could not be located. The Commonwealth filed a motion to use Massimino's preliminary hearing testimony at trial; the trial court denied the motion and the Commonwealth appealed.[12] After locating Massimino, the Commonwealth discontinued its appeal and the case proceeded to trial.[13] In May of 2008, Petitioner's counsel unsuccessfully moved to dismiss the case under the speedy trial provisions of Pennsylvania Rule of Criminal Procedure 600.[14] After a jury trial in June of 2008, Petitioner was convicted of attempted murder with serious bodily injury and possession of an instrument of a crime.[15] He was separately convicted of a related firearms charge.[16] In April of 2009, Petitioner was sentenced to 35 to 70 years of imprisonment.[17]

On direct appeal, Petitioner argued that the Commonwealth had not exercised due diligence and that the trial court erred in denying his motion to dismiss under Rule 600, which requires a defendant to be brought to trial within 365 days.[18] The Superior Court affirmed the judgment of conviction and sentence.[19] In April of 2012, Petitioner filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA").[20] After the court appointed counsel,

---

provided by the Commonwealth for their continuances were specious and prejudiced Petitioner." Pet.'s Objections [Doc. No. 43] at 1. This sentence appears in the procedural history portion of the R&R and does not address the reasons provided for the continuances. The statement is accurate as Petitioner's trial date was continued several times, so this objection is overruled.

[12] R&R [Doc. No. 38] at 3.

[13] R&R [Doc. No. 38] at 3.

[14] R&R [Doc. No. 38] at 3.

[15] R&R [Doc. No. 38] at 3-4.

[16] R&R [Doc. No. 38] at 4.

[17] R&R [Doc. No. 38] at 4.

[18] 234 Pa. Code R. 600(2)(a).

[19] R&R [Doc. No. 38] at 4.

[20] R&R [Doc. No. 38] at 4.

3

Petitioner's attorney filed an amended PCRA petition which claimed that his counsel was ineffective for failing to investigate and present witnesses at trial and for failing to properly argue his Rule 600 claim on appeal.[21] The PCRA court dismissed the petition, the Superior Court affirmed the dismissal, and the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal in June of 2019.[22] After this denial, Petitioner filed a timely *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[23] The Petition asserts that Petitioner's trial attorney was ineffective for (1) failing to investigate and interview two potential witnesses, and (2) deficiently arguing his motion to dismiss under Rule 600.[24]

## II. LEGAL STANDARD

A federal district court may not grant relief for a claim decided in state court unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[25] A petitioner must have exhausted all available remedies in state court before seeking the review of a federal district court under 28 U.S.C. § 2254.[26]

---

[21] R&R [Doc. No. 38] at 4.

[22] R&R [Doc. No. 38] at 4–5.

[23] R&R [Doc. No. 38] at 5.

[24] Pet. Writ Habeas Corpus [Doc. No. 1] at ECF pages 7, 9.

[25] 28 U.S.C. § 2254(d).

[26] 28 U.S.C. § 2254(b).

### III.   DISCUSSION

#### A.  Failure to Investigate Witnesses

Petitioner first objects to the R&R's conclusion that he failed to demonstrate trial counsel's ineffectiveness for failing to investigate and interview potential witnesses.[27] In *Strickland v. Washington*, the Supreme Court held that a petitioner demonstrates ineffective assistance of counsel by showing that (1) "counsel's performance was deficient," and (2) this deficiency prejudiced the defense.[28] Counsel's performance may be considered deficient if it falls below an objective standard of reasonableness.[29] That deficiency may prejudice the defense if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[30] "Judicial scrutiny of counsel's performance must be highly deferential," and "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[31]

The PCRA court applied Pennsylvania's test for determining whether Petitioner's counsel was ineffective for failing to call a potential witness, which requires a showing that:

> 1) the witness existed; 2) the witness was available; 3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; 4) the witness was prepared to cooperate and testify for [Petitioner] at trial; and 5) the absence of the testimony prejudiced [Petitioner] so as to deny him a fair trial.[32]

---

[27] Pet.'s Objections [Doc. No. 43] at 2–3.

[28] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[29] *Id.* at 669.

[30] *Id.*

[31] *Id.* at 689.

[32] *Commonwealth v. Petras*, 534 A.2d 483, 485 (Pa Super. Ct. 1987) (citations omitted).

The PCRA court premised its analysis on the assumption that Petitioner satisfied the first four prongs of the test but failed to show that the absence of testimony from the two men on the first floor of the house at the time of the shooting, who purportedly would have testified that Giangrante had a gun at some point before the shooting, denied Petitioner a fair trial.[33]

The Third Circuit has held that the "[f]ailure to conduct any pretrial investigation is objectively unreasonable."[34] However, even if Petitioner's counsel were ineffective for failing to investigate the two witnesses, Petitioner would still need to clear *Strickland's* second prong by "establish[ing] a reasonable probability—one sufficient to undermine our confidence in the outcome—that the jury's verdict would have been different if not for counsel's errors."[35] This determination cannot "be based on mere speculation about what the witnesses [that counsel] failed to locate might have said."[36] Additionally, "[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'"[37]

The petition claims that these two men were in the county jail with Petitioner and would have told his attorney that Petitioner did not have a gun on the night of the shooting.[38] Petitioner's accompanying memorandum further states that testimony from these witnesses

---

[33] *Commonwealth v. Marchesano*, No. CP-51-CR-0307911-2005 Op. at 14 (C.P. Phila. Nov. 8, 2017).

[34] *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006).

[35] *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989) (citing *Strickland*, 466 U.S. at 695).

[36] *Id.*

[37] *Id.* at 711 (quoting *Strickland*, 466 U.S. at 696).

[38] Pet. Habeas Corpus [Doc. No. 1] at ECF page 7.

would have given unspecified testimony as to Giangrante's role in the shooting and weakened the credibility of Massimino's testimony.[39] In his objection to the R&R's conclusion regarding this claim, Petitioner argues that no one knows what these witnesses may have said because counsel did not investigate or interview the witnesses.[40] However, it is Petitioner who claimed they would have helpful information, and during the PCRA proceedings Petitioner never produced affidavits from these witnesses or showed how the testimony would have been exculpatory.[41] His argument regarding the potential utility of their testimony to his defense is purely speculative and cannot support a claim of ineffective assistance of counsel.[42]

Further, the totality of the evidence in the record supports the verdict, which weighs against a finding of prejudice. In addition to Massimino's testimony, police officers testified that Massimino identified Petitioner as the shooter when he was driven to the hospital, that Petitioner had bullets in his pocket when he was arrested, and that a safe in Petitioner's house contained Petitioner's bank and health insurance documents as well as ammunition.[43] Accordingly, the R&R correctly determined that the PCRA court's conclusion was not unreasonable.[44] Petitioner's objections are therefore overruled.

---

[39] Pet.'s Mem. Law. [Doc. No. 8] at ECF page 7.

[40] Pet.'s Objections [Doc. No. 43] at ECF page 3.

[41] Even if such affidavits were produced now, it is unlikely that Petitioner would be permitted to offer evidence to this Court that was not presented at the state court level. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1739 (2022).

[42] *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (A petitioner "cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense. Rather, he must set forth facts to support his contention.").

[43] *See* Keenan Testimony, Trial Tr. June 5, 2008, at 107; McGough Testimony, Trial Tr. June 5, 2008, at 121; Lucke Testimony, Trial Tr. June 5, 2008, at 142–145.

[44] The R&R also notes that Petitioner assented to his attorney's decision not to call any witnesses at trial. R&R [Doc. No. 38] at 13; *see* Marchesano Colloquy, Trial Tr. June 5, 2008, at 152.

### B. Speedy Trial Claim

The Petition also claims that "[t]rial counsel was ineffective for failing to properly argue the Rule 600 violation."[45] Although it is difficult to discern exactly what elements of trial counsel's performance Petitioner seeks to challenge, the record supports the R&R's conclusion that this claim lacks merit. Trial counsel engaged in oral argument in support of the Rule 600 motion, contending that the government did not exercise due diligence in bringing Petitioner to trial.[46] The trial court denied the motion.[47] The record also supports the PCRA court's determination that this issue was previously litigated at trial and on appeal.[48] Accordingly, the R&R correctly held that "the PCRA court reasonably rejected this claim because Petitioner's Rule 600 claim was previously litigated, and counsel cannot be found ineffective for failing to take actions that he did, in fact, take."[49]

In an accompanying memorandum, Petitioner further argued that counsel's ineffectiveness resulted in the violation of his rights under the Sixth Amendment.[50] Petitioner therefore objects to the R&R's conclusion that his constitutional speedy trial claim is procedurally defaulted because he did not exhaust this claim in state court.[51]

---

[45] Pet. Writ Habeas Corpus [Doc. No. 1] at ECF page 9.

[46] Trial Tr. June 3, 2008, at 2–14.

[47] Trial Tr. June 3, 2008, at 14.

[48] *Commonwealth v. Marchesano*, No. CP-51-CR-0307911-2005 Op.at 23 (C.P. Phila. Nov. 8, 2017).

[49] R&R [Doc. No. 38] at 16.

[50] Pet.'s Mem. Law. [Doc. No. 8] at ECF pages 2, 8–10.

[51] Petitioner solely challenges the R&R's conclusion regarding his constitutional claim, and his objections do not challenge the R&R's conclusions regarding his counsel's effectiveness on this point.

A § 2254 petitioner must "exhaust the remedies available in the state courts before a federal court can exercise habeas corpus jurisdiction over his claim."[52] This requires the petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[53] In Pennsylvania, a state prisoner satisfies the exhaustion requirement by fairly presenting a constitutional claim to the Court of Common Pleas and to the Superior Court.[54] "The burden of establishing that such claims were fairly presented falls upon the petitioner."[55]

Petitioner argues that the R&R erred by concluding that he failed to raise a Sixth Amendment claim in state court. Petitioner supports this argument by pointing to his *pro se* motion to dismiss filed in the trial court that cited Pennsylvania Rule 600 and the United States Constitution.[56] Although Petitioner argues that he raised this constitutional challenge to the state trial court, he does not claim that he did so on direct appeal or during his PCRA proceedings, which is required for exhaustion.[57] Nor has Petitioner argued that he may otherwise be excused from the exhaustion requirement.[58] As the deadline for Petitioner to file a second or subsequent

---

[52] *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012).

[53] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[54] *Lambert v. Blackwell*, 387 F.3d 210, 233–34 (3d Cir. 2004).

[55] *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (citation omitted).

[56] Pet.'s Objections R&R [Doc. No. 43] at 2; *see* Pro Se Mot. Dismiss Violation R. 600(g) Constitutional Guarantee Speedy Trial, *Commonwealth v. Marchesano*, No. CP-51-CR-0307911-2005 (C.P. Phila.). Petitioner's attorney also filed a motion to dismiss under Rule 600 on May 28, 2008 that did not assert a Sixth Amendment speedy trial claim. Mot. Dismiss Pursuant R. 600, *Commonwealth v. Marchesano*, No. CP-51-CR-0307911-2005 (C.P. Phila. May 17, 2006).

[57] *Drew v. Wertzel*, No. 15-2725, 2016 WL 8731449, at *5 (E.D. Pa. July 26, 2016), *report and recommendation adopted*, No. 15-2725, 2017 WL 1326141 (E.D. Pa. April 11, 2017).

[58] A district court cannot review defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).

PCRA petition expired long ago,[59] the R&R correctly determined that this claim is procedurally defaulted, and Petitioner's objection is overruled.[60]

## IV. CONCLUSION

For the reasons stated above, Petitioner's objections are overruled, the R&R is adopted and approved, and the petition for habeas relief is dismissed. A certificate of appealability will not issue. An order will be entered.

---

[59] *See* 42 Pa. C.S. § 9545(b)(1).

[60] Finally, Petitioner "objects to the portion of the R&R dealing with the issue of illegal sentence." Pet.'s Objections [Doc. No 43] at ECF pages 3–4. The R&R does not address the sentence other than to state the term of imprisonment that was imposed, as Petitioner did not raise any claims regarding the sentence in his Petition. This objection is overruled as new claims may not be raised in objections.